UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SONIA RUIZ,**

    **Plaintiff,**

vs.                                                         CASE NO.:

**COALITION FOR THE HOMELESS OF CENTRAL FLORIDA, INC., a Florida Not For Profit Corporation,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SONIA RUIZ ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendant, COALITION FOR THE HOMELESS OF CENTRAL FLORIDA, INC., ("Defendant") and in support thereof states as follows:

### INTRODUCTION

1. This is an action brought pursuant to the Americans with Disabilities Act, as amended, ("ADA"), 42 U.S.C. 12101, *et seq.*, the Florida Civil Rights Act of 1992, Fla. Stat. 760.01 *et seq.* ("FCRA"), the Family Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), and the Families First

Coronavirus Response Act ("FFCRA"), Pub.L. No. 116-127, 134 Stat. 178 (2020), to recover front pay, back pay, reinstatement, lost benefits, compensatory damages, damages for emotional distress damages and pain and suffering, liquidated damages, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

2. On March 18, 2020, the FFCRA was signed into law as a legislative initiative to address COVID-19. The FFCRA was thereafter enacted into law on April 1, 2020.

3. In pertinent part, the FFCRA establishes paid leave for certain eligible employees impacted by the COVID-19 public health crisis. *See* 29 U.S.C.A. § 2620.

4. Division E of the FFCRA is referred to as the Emergency Paid Sick Leave Act (or "EPSLA"). It requires that covered employers provide eligible employees with up to two (2) weeks of paid sick leave and job protection for employees who, among others things, are (a) subject to a governmental quarantine or isolation order related to COVID-19 or (b) advised by a health care provider to quarantine or self-isolate due to concerns related to COVID-19.

5. The law further prohibits employers from "from discharging, disciplining or discriminating against any employee because such Employee took Paid Sick Leave under the ESLPA." 29 C.F.R. § 826.150(a).

6. An Employer who commits a prohibited act described in 29 C.F.R. § 826.150(a) is "considered to have violated 15(a)(3) of the FLSA, 29 U.S.C. 215(a)(3), and shall be subject to the enforcement provisions relevant to such violations set forth in section 16 and 17 of the FLSA." 29 C.F.R. § 826.150(a).

## PARTIES

7. Defendant, COALITION FOR THE HOMELESS OF CENTRAL FLORIDA, INC. is a Florida Not For Profit Corporation. At all material times hereto, Defendant maintained an office in Orange County, Florida.

8. Plaintiff is an adult individual who resides in Orange County, Florida.

9. Plaintiff was an employee as defined by the laws under which this action is brought.

10. From approximately April 22, 2015, until her termination on October 12, 2020, Plaintiff was employed as a Veterans Coordinator.

11. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FFCRA, the FCRA, and the ADA.

12. At all times material to this action, Defendant was, and continues to be an, "employer" within the meaning of the FFCRA, the FCRA, and the ADA.

13. At all times material to this action, Defendant is/was an employer under the FFCRA in that they employ less than 500, but more than 25 employees.

14. At all times material to this action, Plaintiff was an employee entitled

to leave under the FFCRA based on the fact that she was employed by Defendant for at least thirty (30) calendar days immediately prior to the day her leave would begin.

15. At all times material to this action, Defendant was an employer as defined by the laws under which this action is brought and employs greater than 50 employees within a 75 mile radius of Plaintiff's job site.

## JURISDICTION AND VENUE

16. Jurisdiction of this matter arises under 28 U.S.C. §1331 with federal questions involving Title VII. An express grant of federal court jurisdiction over this federal claims is found in Title VII at 42 U.S.C. §2000e-5(f)(3). Jurisdiction over state law claims also arise under the Court's supplemental jurisdiction 28 U.S.C. § 1367.

17. This Court has jurisdiction over Plaintiff's claims because, at all times material to this Complaint, Plaintiff worked for Defendant in Orange County, Florida.

18. The illegal conduct complained of and the resultant injury occurred within the judicial district in and for Orange County, Florida.

## ADA AND FCRA STATUTORY PREREQUISITES

19. Plaintiff is a "person" who suffered discrimination based on her disability. As such she is a member of a class of individuals protected by the ADA and the FCRA.

20. Plaintiff was qualified for her position of employment.

21. Plaintiff suffered from differential application of work or disciplinary rules because Defendant treated Plaintiff differently on the basis of Plaintiff's protected class.

22. The Defendant meets the statutory criteria for coverage as an "employer" under the ADA and the FCRA.

23. Plaintiff meets the statutory criteria for coverage as an "employee" under the ADA and the FCRA.

24. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 13, 2021 which is within 300 days of the last date of Defendant's alleged discriminatory and retaliatory conduct. Plaintiff was issued a right-to-sue letter by the EEOC on August 4, 2021. Therefore, this complaint is being filed within 90 days of receiving her right to sue letter.

25. Accordingly, Plaintiff has complied with all requirements and all other prerequisites prior to bringing this lawsuit.

## FACTUAL ALLEGATIONS

26. Plaintiff was hired on or about April 22, 2015 and worked for Defendant until her unlawful termination on October 12, 2020.

27. Plaintiff was employed as a Veterans Coordinator.

28. Plaintiff's job duties were to connect homeless veterans with the U.S. Department of Veterans Affairs ("VA") so they could receive their VA benefits. Many of the homeless veterans had physical or mental disabilities and/or drug dependency issues which led to their disconnection with the VA.

29. In or about 2014, prior to her employment with Defendant, Plaintiff was diagnosed with breast cancer and underwent chemotherapy and had a double mastectomy.

30. In or about November 2019, Plaintiff had heart surgery where it was discovered that she had leukemia.

31. Plaintiff was on FMLA for six (6) weeks due to her heart surgery and then went on intermittent FMLA for doctor's appointments and testing related to her leukemia diagnosis.

32. In the beginning of March 2020, Plaintiff and any other high risk employees of the Defendant were allowed to work from home.

33. Plaintiff went back into the office in either August or early September 2020 at the request of Defendant.

34. On or about October 2, 2020, while out on intermittent FMLA, Plaintiff went to the hospital for leukemia treatments. While there she tested positive for COVID-19. Plaintiff had no symptoms of COVID-19 prior to testing positive.

35. Plaintiff was admitted to the hospital that day and she immediately notified Defendant of her diagnosis and need to quarantine.

36. Plaintiff took a second COVID-19 test of October 8, 2020 that showed she was negative and she was discharged from the hospital.

37. Plaintiff was not compensated while she was out due to COVID-19, as was required under the FFCRA.

38. Plaintiff contacted Defendant and informed it of her intent to return to work on October 12, 2020 and was subsequently given permission to return.

39. Plaintiff was terminated when she returned to work on October 12, 2020.

40. Plaintiff was never given a reason why she was being terminated and was only told that it was a right-to-work state and Defendant did not have to give her a reason.

41. Plaintiff was then walked out of the building.

42. Had Plaintiff not been terminated, she would have been able to return to her prior full time schedule on or about October 12, 2020.

## COUNT I
## ADA – DISABILITY DISCRIMINATION

43. Plaintiff realleges and adopts the allegations of paragraphs 1-42 above as if fully set forth herein.

44. Plaintiff was a qualified individual with a disability.

45. Defendant was Plaintiff's employer as defined by the ADA.

46. Defendant discriminated against Plaintiff because of her actual or perceived disability in violation of the ADA.

47. Defendant had actual or constructive knowledge of the discriminatory conduct.

48. Defendant's acts were willful.

49. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

50. Defendant's conduct violated Plaintiff's right to be free from discrimination as guaranteed by the ADA.

51. As a direct and proximate result of the discrimination described above, Plaintiff has suffered damages including loss of employment, income, benefits, distress, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits and/or lost earning capacity;

    d. Compensatory damages for emotional pain and suffering;

    e. Punitive Damages;

    f. Injunctive relief;

    g. Prejudgment interest;

    h. Costs and attorney's fees; and

    i. Such other relief as the Court may deem just and proper.

## COUNT II
## ADA – FAILURE TO ACCOMMODATE

52. Plaintiff realleges and adopts the allegations of paragraphs 1-42 above as if fully set forth herein.

53. Plaintiff was a qualified individual with a disability.

54. Defendant was Plaintiff's employer as defined by the ADA.

55. Plaintiff's medical condition substantially limited one or more of her major life activities. As such, Plaintiff required accommodation to continue to perform the essential duties of her position.

56. Specifically, Plaintiff needed time off to attend to treatments for her leukemia.

57. Plaintiff also had a temporary disability, COVID-19, which required that she quarantine for one week.

58. Defendant's acts were willful.

59. Defendant's acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

60. Defendant's conduct violated Plaintiff's right to be free from discrimination as guaranteed by the ADA.

61. As a direct and proximate result of the discrimination described above, Plaintiff has suffered damages including loss of employment, income, benefits, distress, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits and/or lost earning capacity;

    d. Compensatory damages for emotional pain and suffering;

    e. Punitive Damages;

    f. Injunctive relief;

    g. Prejudgment interest;

    h. Costs and attorney's fees; and

    i. Such other relief as the Court may deem just and proper.

## COUNT III
## ADA – RETALIATION

62. Plaintiff realleges and adopts the allegations of paragraphs 1-42 above as if fully set forth herein.

63. Plaintiff was, at all times relevant, an employee under the ADA.

64. Defendant was Plaintiff's employer as defined by the ADA.

65. Defendant retaliated against Plaintiff because she exercised her rights under the ADA by seeking an accommodation.

66. Defendant had actual knowledge of the retaliatory conduct of Plaintiff's supervisors.

67. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

68. Defendant's retaliatory acts and omissions occurred, at least in part, because of Plaintiff's actual or perceived disability and request for ADA-covered accommodation.

69. Defendant's conduct violated Plaintiff's right to be free from retaliation as guaranteed by the ADA.

70. Defendant's violations of the ADA were willful.

71. As a direct, natural, proximate, and foreseeable result of the actions of Defendant, Plaintiff has suffered harm for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses,

emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

72. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

   a. Back pay and benefits;

   b. Interest on back pay and benefits;

   c. Front pay and benefits and/or lost earning capacity;

   d. Compensatory damages for emotional pain and suffering;

   e. Punitive Damages;

   f. Injunctive relief;

   g. Prejudgment interest;

   h. Costs and attorney's fees; and

   i. Such other relief as the Court may deem just and proper.

## COUNT IV
## FMLA INTERFERENCE

73. Plaintiff realleges and adopts the allegations of paragraphs 1-42 above as if fully set forth herein.

74. Plaintiff was approved for intermittent FMLA leave.

75. Defendant new that Plaintiff would require additional FMLA leave in the near future to attend appointments for treatments related to her leukemia.

76. Accordingly, Defendant interfered with her rights to take further FMLA leave for appointments related to her leukemia treatments.

77. As a result of Defendant's intentional, willful, and unlawful acts by interfering with Plaintiff's rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

78. Because Defendant cannot show that its violation of the FMLA was in good faith, Plaintiff is entitled to liquidated damages.

79. Defendant's violation of the FMLA was willful, as Defendant engaged in the above-described actions while knowing that same were impermissible under the FMLA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and future benefits;

    d. Liquidated Damages;

    e. Attorneys' fees and costs, and

    f. For such other relief this Court deem just and equitable.

## COUNT V
## FMLA RETALIATION

80. Plaintiff realleges and adopts the allegations of paragraphs 1-42 above as if fully set forth herein.

81. Defendant knew of Plaintiff's need for leave for reasons which would have qualified her for protected leave under the FMLA.

82. Defendant retaliated against Plaintiff when it terminated Plaintiff upon her return from FMLA leave.

83. Defendant acted with the intent to retaliate against Plaintiff due to her own serious health condition.

84. As a result of Defendant's intentional, willful, and unlawful acts by interfering with Plaintiff's rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

85. Because Defendant cannot show that its violation of the FMLA was in good faith, Plaintiff is entitled to liquidated damages.

86. Defendant's violation of the FMLA was willful, as Defendant engaged in the above-described actions while knowing that same were impermissible under the FMLA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and future benefits;

    d. Liquidated Damages;

    e. Attorneys' fees and costs, and

    f. For such other relief this Court deem just and equitable.

## COUNT VI
## UNPAID SICK LEAVE IN VIOLATION OF FFCRA/EPSLA

87. Plaintiff realleges and adopts the allegations of paragraphs 1-42 above as if fully set forth herein.

88. Plaintiff is entitled to up to two weeks (or 80 hours) of paid sick leave pursuant to the EPSLA because she tested positive for COVID-19 and was advised by a health care provider to self-isolate.

89. Defendants refused to pay Plaintiff sick leave pay.

90. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered lost wages.

WHEREFORE Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a) Back pay and benefits;

    b) Interest on back pay and benefits;

    c) Front pay and benefits and/or lost earning capacity;

    d) Liquidated Damages;

    e) Injunctive relief;

    f) Prejudgment interest;

    g) Costs and attorney's fees; and

    h) Such relief as the Court may deem just and proper.

## COUNT VII
## RETALIATION OR INTERFERENCE IN VIOLATION OF FFCRA/EPSLA
## (AS TO DEFENDANT)

91. Plaintiff realleges and adopts the allegations of paragraphs 1-42 above as if fully set forth herein.

92. The FFCRA / EPSLA prohibits employers from discharging any employee because the employee took qualifying paid sick leave and requires an employer to restore an employee to the same or equivalent position after taking qualifying sick leave.

93. Defendants terminated Plaintiff while she was advised by a health care provider to self-isolate due to concerns related to COVID-19.

94. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered lost wages and significant emotional distress because of her termination.

WHEREFORE Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a) Back pay and benefits;

  b) Interest on back pay and benefits;

  c) Front pay and benefits and/or lost earning capacity;

  d) Compensatory damages;

  e) Liquidated damages if compensatory damages are unavailable;

  f) Injunctive relief;

  g) Prejudgment interest;

  h) Costs and attorney's fees; and

  i) Such relief as the Court may deem just and proper

## JURY TRIAL DEMAND

PLAINTIFF hereby demands a jury trial for all issues.

DATED this 11th day of August 2021.

**MORGAN & MORGAN, P.A.**

**/s/ James J. Henson**
JAMES J. HENSON, ESQ.
Fla. Bar No. 0077476
Morgan & Morgan, P.A.
20 North Orange Avenue, 15th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Tel.: (407) 428-6241
Fax: (407) 245-3342
Email:  jjhenson@forthepeople.com
ssiagel@forthepeople.com
*Attorney for Plaintiff*